UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG McCARTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-01357-MJS (PC)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROVIDE A CURRENT ADDRESS AND FAILURE TO PROSECUTE**<br><br>**CLERK TO CLOSE CASE** |

　　　　Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter proceeds on Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Biol, Wofford, and Zamora. All parties have consented to Magistrate Judge jurisdiction for all purposes. (ECF Nos. 34 & 37.)

　　　　The action was initiated in the United States District Court for the Central District of California. (ECF No. 1.) On April 25, 2014, Defendants filed a motion to dismiss, based in part on improper venue. (ECF No. 15.)  Plaintiff filed a motion to change venue (ECF No. 27), and requested an extension of time to respond to the motion (ECF No. 28). Thereafter, the action was transferred to this Court. (ECF No. 30.)

　　　　Plaintiff again filed a motion for change of venue (ECF No. 35), which was denied as moot on October 26, 2014 (ECF No. 38). Plaintiff was ordered to file an opposition to

1  Defendants' motion to dismiss within thirty days. (Id.)

2  On November 5, 2014, the Court's order denying the motion for change of venue
3  and requiring Plaintiff to file an opposition was returned as undeliverable. Plaintiff has
4  not filed an opposition or provided the Court with his current address.

5  Local Rule 183(b) requires a party proceeding pro se to keep the Court apprised
6  of his current address: "If mail directed to a plaintiff in propria persona by the Clerk is
7  returned by the U.S. Postal service, and if such plaintiff fails to notify the Court and
8  opposing parties within sixty-three (63) days thereafter of a current address, the Court
9  may dismiss the action without prejudice for failure to prosecute."

10  Further, District courts have the inherent power to control their dockets and "in
11 the exercise of that power, they may impose sanctions including, where appropriate . . .
12 dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A
13 court may dismiss an action, with prejudice, based on a party's failure to prosecute,
14 failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v.
15 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);
16 Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
17 comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d
18 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring
19 pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833
20 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order);
21 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
22 prosecution and failure to comply with local rules).

23 In determining whether to dismiss an action for lack of prosecution, failure to
24 obey a court order, or failure to comply with local rules, the Court must consider several
25 factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's
26 need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public
27 policy favoring disposition of cases on their merits, and (5) the availability of less drastic
28 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone,

833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has not responded to the Court's orders or provided a current address. Accordingly, it is HEREBY ORDERED THAT:

1. This action is DISMISSED WITHOUT PREJUDICE, based on Plaintiff's failure to provide a current address and failure to prosecute, and

2. The Clerk of the Court shall terminate any and all pending motions and CLOSE the case.

IT IS SO ORDERED.

Dated:   January 13, 2015          /s/ *Michael J. Seng*
                                                                            UNITED STATES MAGISTRATE JUDGE